Wyly, J.
The relator, who was owing the city of New Orleans $750 for his license to carry on the business of Pawn Broker for the year 1875, tendered in payment certain Metropolitan Police warrants issued for the fiscal years 1873 and 1874; the tender was refused, and the relator applied for a mandamus to compel the Administrator of Finance of said city to receive said warrants in payment of said license.
The court granted a rule nisi, and at the trial thereof refused the mandamus. From this judgment the plaintiff appeals.
Act No. 44 of the statutes of 1869, provides that all warrants issued in payment of the salaries of officers, employes and members of the Metropolitan Police under act of fourteenth of September, 1868, the act establishing the Metropolitan Police, shall be receivable for all parish and municipal taxes and licenses in the parish of Orleans, Jefferson and St. Bernard, and the cities of New Orleans, Jefferson and Carrollton; “provided that the aggregate of said warrants so received in each current year, shall not exceed the amount of the apportionment made by the Board of Metropolitan Pólice Commissioners, upon such city or parish for that year.” The act also provides a penalty against any parish or municipal officer for refusing to receive such warrants for taxes as therein provided.
*494 Act 41 of tlie acts of 1870, provides that all warrants, checks or orders, issued by the Secretary and approved by the president of the Board of Police Commissioners in payment of the salaries of the officers, employes and members of the Metropolitan Police, and all warrants issued or that may hereafter be issued, signed and approved as aforesaid, “ shall be and they are hereby made receivable for all parish and municipal licenses, taxes and debts due, or to become due, to the parishes of Orleans, Jefferson, St. Bernard, and the cities New Orleans, Jefferson and Carrollton ; provided that the aggregate of said warrants, checks, or orders so received in each current year shall not exceed the amount of the apportionment made by the Metropolitan Police Commissioners upon said parish or city for that year.”
The act also provides a penalty against any parish or municipal officer for refusing to receive said warrants, checks or orders as provided in payment of taxes and licenses.
The warrants tendered by the relator were issued under this statute and were drawn for expenses incurred during the fiscal years 1873 and 1874. And on them is indorsed: ‘‘This warrant is receivable for all licenses, taxes and debts due and to become due to the parishes of Orleans, Jefferson and St. Bernard, and the cities of New Orleans and Carrollton, up to the amount of the apportionment assessed by the Board of Metropolitan Police Commissioners against said parishes or cities respectively on sixteenth October, 1872, for the fiscal year ending September 30, 1873.”
Although New Orleans had taken up in settling with her taxpayers warrants largely in excess of the apportionment assessed to her during the years 1869, 1870, 1871 and 1872, and warrants she could not have been compelled to receive because in excess of the apportionment for those years, she did not take up warrants aggregating the apportionment assessed to her by the Metropolitan Police Commissioners for the fiscal years 1873 and 1874. Under the act of 1870 the city could have been compelled to receive the warrants in question, evidencing the police expenditures for said years, because, during that period she had not taken up warrants to the amount of the apportionment, however largely in excess of apportionment she had taken up warrants during previous years.
The law in force at the time made these warrants receivable for all licenses, taxes and debts due to each of the parishes and cities in the Metropolitan Police district; “provided that the aggregate of warrants, checks or orders so received in each current year shall not exceed the amount of the apportionment made by the Metropolitan Police Commissioners upon said parish or city for that year.”
The law, however, has been changed. In 1874 the General Assem *495 bly passed act No. 33, which requires each of the cities and parishes composing the Metropolitan Police district to levy and collect a special tax, as estimated and apportioned by the Metropolitan Police Commissioners, for the support of the Metropolitan Police force for the year in which said estimate and apportionment is made. The act also provides: “ that in the tax levied for Metropolitan Police purposes payment shall be made and received in lawful money of the United States only, and it shall be unlawful to receive in payment of said tax any warrants or evidence of indebtedness of any kind whatever; provided that Metropolitan Police warrants issued by the Board of Police Commissioners for the payment of salaries and expenses of the police department incurred prior to the year 1874, shall be receivable in full for all taxes due the cities of New Orleans and Carrollton, and the town of ELennerville and the parishes of Jefferson and St. Bernard prior to the first day of January, 1874, except tax for interest on the bonded debt, the public school tax and city park tax, and for all licenses and debts other than taxes due the said cities, towns and parishes composing the Metropolitan Police district, due or to become due as provided by existing laws, until the said outstanding Metropolitan Police warrants shall all be absorbed, and that the warrants so received shall be credited to the several cities, towns and parishes composing the Metropolitan Police district pro rata against the apportionments made by the board of police commissioners for the'fiscal years prior and up to January 1,1874, after which they shall be turned over fo the treasurer of the Board of Police Commissioners to be by him canceled and destroyed under supervision of said board.”
This law is unambiguous. It requires a special tax to be levied and collected in cash throughout the Metropolitan Police district to support the Metropolitan Police department. It makes the outstanding-police warrants receivable for taxes due the cities towns and parishes composing- the Metropolitan Police district, prior to the year 1874, except certain special taxes, “ and for all 1.censes and debts other than taxes due the said cities, towns and parishes composing the Metropolitan Police district, due or to become due as provided by existing laws, until the said outstanding Metropolitan Police warrants shall all be absorbed.” ******
In precise terms this statute makes Metropolitan Police warrants receivable for licenses throughout the Metropolitan Police district, and the relator clearly has the right to pay his license to the city of New Orleans in the warrants tendered by him. Prior to the enactment of this law these warrants were receivable for taxes, licenses and debts due to the cities towns aDd parishes composing the Metropolitan Police district, provided the aggregate of warrants so received in each cur *496 rent year shall not exceed the apportionment made by the Metropolitan Police Commissioners upon said parish or city for that year.
In the law before us, however, there is no limitation upon the receivability of Metropolitan Police warrants for licenses throughout the Metropolitan Police district. And the court can not decide that there is a limitation where the law has imposed none.
That New Orleai.s received in settlement of taxes and licenses due her prior to the enactment of this law, more than the aggregate amount of her apportionment, is a matter quite immaterial to the issue in this case. If she received more than the law required her to receive, and suffers an inconvenience on account thereof, it is the result of her volutary act. Like every other holder of Metropolitan Police warrants, she can present the excess beyond the pro rata apportioned to her, to the Metropolitan Police Commissioners, for payment out of the money collected from the other cities, towns and parishes composing the Metropolitan Police district. For the years these warrants were issued adequate apportionments were assessed by the Metropolitan Police Commissioners against each of the municipal corporations composing the Metropolitan Police district. If on final settlement with the Metropolitan Police Commissioners it shall appear that certain municipal corporations of the district have taken up all the warrants, and others in lieu of warrants have paid in the cash, those holding warrants in excess of apportionment can demand and receive the money. In receiving warrants, as New Orleans has heretofore, beyond the requirements of the law, an inconvenience may result, but none of the disastrous consequences or losses suggested by the learned counsel for the city can befall the municipal corporation of New Orleans. There is no force in the objection that the Louisiana National Bank has enjoined the city and the respondent from receiving Metropolitan Police warrants for licenses; because as we have seen, that was virtually a consent judgment, and the rule is such judgments are binding only on the parties.
After virtually consenting to the injunction, the respondent and the city of New Orleans ought not to be allowed to set it up as a plea for a palpable dereliction of duty to the injury of third parties.
It is therefore ordered that the judgment appealed from be annulled, and it is decreed that the mandamus be made peremptory, respondent paying costs of both courts.
Rehearing’ refused.